UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDALL R. NEAL,

          Petitioner,

v.

WILLIS CHAPMAN,

          Respondent.
_____/

Case Number: 20-12957

Stephanie Dawkins Davis
United States District Judge

**OPINION AND ORDER DISMISSING "UNCONDITIONAL WRIT OF HABEAS CORPUS/MOTION FOR RELEASE FROM CUSTODY-COVID-19"**

**I.  INTRODUCTION**

Michigan prisoner Cordall R. Neal, currently confined at the Thumb Correctional Facility, in Lapeer, Michigan has filed an "Unconditional Writ of Habeas Corpus/Motion for Release from Custody – Covid-19."[1] (ECF No. 1). Petitioner is serving a non-parolable life sentence for first-degree premeditated murder, Mich. Comp. Laws § 750.316. *People v. Neal*, No. 246031, 2004 WL 2049768, at *1 (Mich. Ct. App. Sept. 14, 2004). Petitioner does not challenge the

---

[1] In the first sentence of his pleading, Petitioner writes "A Federal court can reopen a habeas corpus case pursuant to Fed. R. Civ. P. 60(b)(6) when extraordinary circumstances are present." (ECF No. 1, PageID.1). In 2005, Petitioner filed a habeas petition challenging his first-degree murder conviction. *See Neal v. Booker*, No. 05-cv-74000. The petition was denied on the merits. *See* 5/29/2009 Op. & Ord. (ECF No. 30.)  The Court finds the present pleading is properly filed as a new case, rather than as a motion to reopen the earlier petition for several reasons.  First, the present pleading is unrelated to the substance of the earlier petition.  Second, Petitioner paid the filing fee for filing a new habeas corpus petition ($5.00).  Finally, the envelope in which the pleading was mailed to the Court contains the notation "New HC Case." (ECF No. 1, PageID.5).

constitutionality of his murder conviction. Instead, he argues that his continued confinement violates the Eighth Amendment because the risk of contracting Covid-19 in the prison setting is particularly high and the associated risk of death converts his life sentence into a death sentence. The Court dismisses the petition without prejudice, denies a certificate of appealability, and grants leave to proceed *in forma pauperis* on appeal.

## II.  DISCUSSION

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id*., *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas

corpus must first exhaust available state court remedies.[2] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner does not satisfy his burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may file a state habeas petition because he seeks a determination on

---

[2] Petitioner does not specify whether his petition is filed under 28 U.S.C. § 2254 or § 2241. The Court need not make that determination because under both sections, Petitioner is required to exhaust state court remedies before filing a habeas petition. *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). *See also Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court); *Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). Finally, Michigan courts have shown a willingness to consider the Covid-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention

decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Petitioner argues that pursuing a grievance in the prison system would be futile because the relevant policy directives bar grievances regarding conditions which impact all prisoners equally. (ECF No. 1, PageID.3). Even accepting this assertion as true, as discussed, Petitioner has not shown that relief for his claims is unavailable to him in the Michigan courts. The petition, therefore, will be dismissed for failure to satisfy the exhaustion requirement.

### IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner did not exhaust available state court remedies before seeking federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must

issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal can be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: January 25, 2021         s/Stephanie Dawkins Davis
                                Stephanie Dawkins Davis
                                United States District Judge